UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID W. BUSSE,                          CASE NO.: 1:14-cv-590

       Plaintiff,                           Barrett, J.
                                          Litkovitz, M.J.
   v.

COMMISIONER OF SOCIAL SECURITY,

       Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends affirming the decision of Defendant Commissioner of Social Security denying Plaintiff David Busse's applications for disability insurance benefits (DIB) and supplemental security income (SSI).  (Doc. 12).  Notice was given to the parties pursuant to Fed. R. Civ. P. 72(b).  (Doc. 12, PageId 1145).  Plaintiff has filed objections to the Report (Doc. 13) and Defendant has filed a response (Doc. 14).  This matter is now ripe for review.

**I.  BACKGROUND**

The procedural background and the pertinent facts have been adequately summarized in the Report (*see* Doc. 12) and will not be repeated here.  The undersigned, however, will identify the relevant background or record evidence where necessary to address Plaintiff's objections.

**II.  STANDARDS OF REVIEW**

   **A. Objections**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further

1

evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Review of Commissioner's Determination

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails

to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal quotations omitted); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545-46 (6th Cir. 2004) (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### III. ANALYSIS

#### A. First Objections

Plaintiff's first objections relate to the moderate work-related limitations. Relying on *Ealy v. Commissioner of Soc. Sec.*, 594 F.3d 504, 513, 516 (6th Cir. 2010), Plaintiff contends that the Magistrate Judge erred by not recognizing that the ALJ improperly failed to include a work-related limitation on persistence or pace to sustain work for 40 hours a week in his RFC or the hypothetical to the Vocational Expert (VE).

An ALJ's RFC and hypothetical to the VE must accurately portray the claimant's physical and mental impairments. *Ealy*, 594 F.3d at 513, 516. They must incorporate only the limitations that the ALJ has accepted as credible, however. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). In *Ealy*, the claimant's doctor limited him to "simple, repetitive tasks for two-hour segments over an eight-hour day where speed was not critical." *Ealy*, 594 F.3d at 516. In the RFC assessment, however, the ALJ included only a limitation to "simple, repetitive tasks and instructions in non-public work settings." *Id.* That RFC finding also was included in the hypothetical to the VE. *Id.* The Sixth Circuit held that the RFC assessment and the hypothetical did not adequately reflect the claimant's limitations because it truncated the doctor's specific restrictions. *Id.*

Here, unlike in *Ealy*, the ALJ did not truncate the limitations on concentration, persistence, or pace that were accepted as credible by the ALJ either in his RFC or in the hypothetical to the VE. As the Magistrate Judge correctly recognized (Doc. 12, PageId 1126), the ALJ incorporated the findings of Drs. Dietz and Voyten verbatim in formulating Plaintiff's RFC (*compare* Doc. 4-3, PageId 264, 279 *with* Doc. 4-2, PageId 103-04). Their findings nowhere provide a specific limitation precluding the maintenance of persistence or pace over a 40 hour work week. The ALJ also incorporated that limitation in the hypothetical to the VE. (Doc. 4-2, PageId 163-65). Accordingly, the RFC and hypothetical adequately accommodate Plaintiff's moderate limitations in concentration, persistence, or pace as found by Drs. Dietz and Voyten.

To the extent Plaintiff also intends to object to the analysis of the Magistrate Judge concerning the opinions of Dr. Lester and Dr. Rahman, the objection is not well taken. While Plaintiff does not identify precisely how the Magistrate Judge erred in her analysis, the undersigned concludes upon de novo review that the Magistrate Judge's analysis is correct.

With respect to Dr. Lester, the undersigned agrees with the Magistrate Judge (Doc. 12, PageId 1128) that the ALJ did not opine that Plaintiff had any definite limitations in his ability to sustain concentration, persistence, or pace, and he was not required to include additional limitations in formulating Plaintiff's RFC based solely on subjective complaints that are not supported by clinical limitations. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010).

With respect to Dr. Rahman, it is not clear precisely how Plaintiff contends the notation of a shizoaffective disorder affects the work-related limitations. But as the Magistrate Judge correctly acknowledged (Doc. 12, PageId 1129-30), the diagnoses in the record were inconsistent

4

such that it was reasonable for the ALJ to identify bipolar disorder as plaintiff's severe impairment rather than schizoaffective disorder and the ALJ considered the limiting effects of Plaintiff's mental impairments at Step Four of the sequential evaluation process and appropriately accommodated them in formulating the RFC.  Plaintiff's objection does not demonstrate otherwise.  In addition, the undersigned agrees with the Magistrate Judge (Doc. 12, PageId 1130) that the record evidence substantially supports the ALJ's determination that alcohol abuse is a severe impairment, and Plaintiff's conclusory statement (Doc. 13, PageId 1149) does not undermine that conclusion.

Accordingly, Plaintiff's first objections are overruled.

**B.  Second Objections**

Plaintiff's second objections concern the weight given to the medical sources.  Plaintiff argues that the Magistrate Judge erred in her conclusion that the ALJ properly weighed the medical evidence of record because the ALJ applied more rigorous scrutiny to the opinions of Dr. Rahman, the treating physician, than to other medical sources, in violation of 20 C.F.R. 404.1527 and S.S.R. 96-2p (1996).  Plaintiff points to the "sporadic activities" cited by the ALJ in the analysis of the state agency psychologists' opinions in an attempt to demonstrate the weakness of their opinions.  Plaintiff also contends that the state agency psychologists' failure to review later-generated medical records makes the ALJ's reliance on those opinions reversible error.  He further contends that the ALJ cannot use an opinion from the state agency psychologists and a one-time consultative examiner to discount the treating source and that the ALJ's reliance on the fact that Plaintiff worked in the past with some impairments is no longer valid in light of the Magistrate Judge's conclusion that Plaintiff cannot perform past work.

The standard for evaluating treating-physician opinion evidence is accurately set forth in the Report (Doc. 12, PageId 1132-33) and is incorporated here.  Applying that standard upon de novo review, the undersigned agrees with the Magistrate Judge (Doc. 12, PageId 1131-37) that the ALJ's decision to give little weight to the opinion of Dr. Rahman is substantially supported by the evidence of record.  As the Magistrate Judge accurately noted in extensive detail (Doc. 12, PageId 133-34), the ALJ accurately determined that the conclusions of Dr. Rahman were inconsistent with treatment notes.  Nothing in Plaintiff's objection undermines that conclusion.

In addition, the Magistrate Judge accurately explained in detail how Dr. Rhaman's severe limitations are inconsistent with the record as whole, including the examinations of Dr. Lester, the determinations of the state agency psychologists, Plaintiff's own testimony, and the reports of Plaintiff's sister.  (Doc. 12, PageId 1135).  Again, nothing in the objections undermines that determination.

As for the decision to give "great weight" to the findings of the state agency psychologists despite the incomplete nature of their review, the Magistrate Judge correctly articulated the reasons that the ALJ's decision was supported by substantial evidence.  (Doc. 12, PageId 1135-36).  To summarize, an ALJ should give more weight to an opinion that is consistent with the record as a whole.  20 C.F.R. 404.1527(c)(4), 416.927(c)(4).  Here, the ALJ had the opportunity to review the state agency psychologists' opinions as well as the entirety of the record, and based upon that review, concluded that the opinions of Drs. Dietz and Voyten were given more weight because they were "consistent with the overall record" while Dr. Rahman's was not. (Doc. 4-2, PageId 108).  As the Magistrate Judge explained, that decision is substantially supported by the record evidence and the later-generated evidence is substantially similar to the evidence reviewed by Drs. Dietz and Voyten.  (Doc. 12, PageId 1136-37) (citing

relevant records). Plaintiff points to no evidence in his objections that would undermine those conclusions. Plaintiff's conclusory statements as to the materiality of the later-generated records are insufficient.

Finally, although Plaintiff points to statements by the ALJ concerning the state agency psychologists' findings that he disagrees show an ability of Plaintiff to sustain work over a 40-hour work week, the undersigned has determined that the ALJ's decision to give great weight to the state agency psychologists' opinions, which do not include a specific limitation for sustaining work over a 40-hour work week, is supported by substantial evidence. When the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if other record evidence could also be interpreted to support a different conclusion. *Felisky*, 35 F.3d at 1035.

Accordingly, these objections are overruled.

## C. Third Objections

Plaintiff's third objections relate to the Magistrate Judge's conclusion on credibility. Plaintiff contends that the Magistrate Judge erred regarding the analysis of his good work record because the Magistrate Judge concluded that Plaintiff cannot do any past work. He also argues that the Magistrate Judge erred in her analysis because the ALJ failed to note the strong medication Haldol for the shizoaffective disorder and erred in failing to note the "precipitating and aggravating factors" under 20 C.F.R.§ 404.1529 and Ruling 96-7p (1996).

Neither of Plaintiff's arguments is well taken. First, the Magistrate Judge concluded that it was not reversible error for the ALJ not to explicitly mention Plaintiff's good work history in assessing his credibility. As she correctly points out (Doc. 12, PageId 1142): "The key ruling governing an ALJ's evaluation of a claimant's credibility, SSR 96-7p, lists seven factors which go into that determination, and the fact that the claimant has a good work history is not one of

them." *Gossett v. Comm'r of Soc. Sec.*, No. 2:13-cv-106, 2013 WL 6632056, at *8 (S.D. Ohio Dec. 17, 2013) (Report and Recommendation), *adopted*, 2014 WL 6632056, at *8 (S.D. Ohio Jan. 7, 2014).  Given the substantial support in the record for the ALJ's credibility determination, the Magistrate Judge found that any oversight by the ALJ in failing to mention Plaintiff's good work history does not constitute reversible error.  Plaintiff's objection does not undermine either the fact that good work history is not a factor included in SSR 96-7p for evaluation of a claimant's credibility or that substantial evidence otherwise supports the ALJ's credibility determination.

Second, with respect to the argument on Haldol, the Magistrate Judge directly addressed that issue in the Report.  (Doc. 12, PageId 1141).  Plaintiff's objection appears to be a mere general disagreement with the Magistrate Judge's conclusion, and Plaintiff has not shown specifically how the Magistrate Judge erred in her analysis.  Upon review, however, the undersigned finds the Magistrate Judge's analysis and conclusion to be thorough and correct in this respect. (Doc. 12, PageId 1141). Accordingly, the undersigned finds the ALJ's credibility assessment adequately complies with 20 C.F.R. § 404.1529.

**IV.     CONCLUSION**

Consistent with the forgoing, Plaintiff's objections (Doc. 13) are **OVERRULED** and the Report (Doc. 12) is **ADOPTED**.  The decision of Defendant is **AFFIRMED** and this matter shall be terminated from the docket of this Court.

**IT IS SO ORDERED**.

                                                  s/Michael R. Barrett
                                                  Michael R. Barrett, Judge
                                                  United States District Court